UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | |
| *Plaintiff*, | ) ) | 4:15-cv-00063-SEB-DML |
| vs. | ) ) | |
| ESTATE OF JOSEPH R. HISEL, LINDA WYATT, and JOSEPH M. HISEL, | ) ) ) | |
| *Defendants*. | ) | |
| LINDA WYATT, | ) ) | |
| *Cross-claimant*, | ) ) | |
| vs. | ) ) | |
| JOSEPH M. HISEL, | ) ) | |
| *Cross-claim defendant*. | ) | |

## <u>ENTRY ON MOTION AND AMENDED MOTION FOR RELIEF FROM JUDGMENT AND ORDER ON OTHER PENDING MOTIONS</u>
**[Dkt. Nos. 62, 65, 72, 74, and 76]**

This cause comes before the Court on Defendant/Cross-claim Defendant Joseph M. Hisel's Motion to Vacate Judgment [Dkt. No. 62] and Amended Motion for Relief from Final Judgment [Dkt. No. 65] made pursuant to Fed. R. Civ. P. 60(b). Mr. Hisel also filed three other motions [Dkt. Nos. 72, 74, and 76], inquiring as to whether the Court has decided his Rule 60(b) motions and requesting the Court to appoint a lawyer for him. He also asks the Court to order the correctional center where he is housed to

provide him with reading glasses so he can read the Court's decision in this case. The Court decides as follows.

## **Discussion**

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b) relief "is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). The decision whether to grant or deny a Rule 60(b) motion is within the district court's sound discretion. *See Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013). The six specified grounds for relief under a Rule 60(b) motion are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To have a default judgment vacated, the moving party must show: "'(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Sun v. Bd. of Trs. of Univ. of Ill.,* 473 F.3d 799, 810 (7th Cir. 2007)).

The motions for relief from judgment should be denied for at least two reasons. First, Mr. Hisel has not identified a meritorious defense to the Complaint for Interpleader.

2

He suggests that he has a "meritorious defense" because of his incarceration and unavailability to receive service at his "usual address" of 712 Cowles Avenue in Joliet, Illinois [Dkt. No. 65 at 6; *see also* Dkt. No. 62], but this goes to the sufficiency of service of process, not the merits of this action. To state it differently, Mr. Hisel has not shown a legitimate claim to the insurance proceeds from the life insurance policies State Farm deposited with the Court registry. Asserting that the judgment against him is unfair because the name of the beneficiary to the life insurance policies was "mysteriously changed" just days before the insured's death [*see* Dkt. No. 65 at 1–2; *see also* Dkt. 65-2, Declaration of Joseph M. Hisel, ¶ 2 (declaring that his father informed him in 2006 that he was the sole beneficiary to the polices and Mr. Hisel "heard from family members" that the beneficiary was changed while his aunt was present and his father was on "high doses" of the pain medication Dilaudid)] is insufficient to demonstrate a meritorious defense or claim to the proceeds. *See Wehrs*, 688 F.3d at 890–91 (stating a meritorious defense must "raise[] a serious question regarding the propriety of a default judgment and … [be] supported by a developed legal and factual basis") (quotation omitted).

Moreover, the motions fail to establish grounds for relieving Mr. Hisel from judgment. Though Mr. Hisel asserts that Rule 60(b)(6) is applicable, the motions challenge whether service by publication was sufficient. Because Mr. Hisel challenges the sufficiency of service, the Court understands him to be arguing that the Court lacked personal jurisdiction over him. Thus, the motions actually seek relief under Rule 60(b)(4) since Mr. Hisel in effect argues that the judgments against him are void. *See Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005) (stating that under Rule 60(b)(4),

a movant "'may attack the judgment for lack of jurisdiction over the person … since a judgment rendered without jurisdiction over the person [is] void'") (quoting *Robinson Eng'g Co. Pension Plan & Trust v. George,* 223 F.3d 445, 453 (7th Cir. 2000)).

Under Federal Rule of Civil Procedure 4, a district court has personal jurisdiction over a defendant if service is effected pursuant to the law of the state where the district court is located." *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003) (citing Fed. R. Civ. P. 4(e)(1)). Thus, the Court looks to Indiana law to determine whether process was sufficiently served. Under Indiana law, in some circumstances service may be made by publication. Ind. T.R. 4.1. The party seeking service by publication is required to make a request to the court to allow such service and "the request must be supported by affidavit that 'diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state ....'" *McCarty v. Landis Exp., Inc.,* No. 1:10–cv–00340, 2011 WL 3678810, at *1 (S.D. Ind. Aug. 19, 2011).

The motions for relief from judgment do not contest that the proper procedure for service by publication were followed; nor do they dispute that the contents of the summons were sufficient. Instead, they are based on the fact that Mr. Hisel "was not in the jurisdiction of Illinois at the time of the notice" and the claim that State Farm should have inquired about his whereabouts when they were contacted by attorneys purportedly (but not actually) acting on his behalf. [*See* Dkt. No. 65]. The defendant's presence in the state where notice is published is not a condition for service by publication. And Mr. Hisel cites no authority requiring a party to inquire of a defendant's whereabouts from a lawyer who was "not [his] attorney." [*See* Dkt. 62 at 1 (stating that Sam Andreano was

4

not Hisel's attorney on this matter)]. Both State Farm and Wyatt showed by affidavit that diligent search had been made but Mr. Hisel had not been found, and he had concealed his whereabouts or left the state. In fact, it appears that by the time service was attempted in late 2015, Mr. Hisel already had left the State of Illinois and gone to West Virginia. His amended motion asserts that he has been incarcerated in West Virginia since 2015. [Dkt. No. 65 at 1]. Furthermore, the Court is unaware of any legal authority that would require a party to attempt service by email, the World Wide Web, or a newspaper of national publication, all of which are other means of notice that Mr. Hisel suggests, without citation to any legal authority, the defendants could have used.

Mr. Hisel cites *Fogel v. Zell*, 22 F.3d 955 (7th Cir. 2000), for the proposition that notice by publication is appropriate only where the claimants are numerous, unknown, or have small claims. That case concerned the adequacy of notice under the provisions of the Bankruptcy Code, not the sufficiency of notice for purposes of establishing a court's personal jurisdiction over a defendant. Mr. Hisel also cites *International Association of Machinists & Aerospace Workers v. N.L.R.B.* 133 F.3d 1012 (7th Cir. 1997), for the proposition that "notice by publication [is] generally considered improper when individual notice is feasible," but that case concerns the adequacy of a union's notice to employees of their right not to pay a portion of union dues, *id.* at 1018, not service for purposes of establishing personal jurisdiction. Finally, Mr. Hisel argues that "[e]ven where formal procedures are followed, a notice will be overturned under an implicit bad faith standard if the notifying party knew or had reason to know that notice would be ineffective." *United States v. Williams*, No. 96-1836, 1997 WL 137205, at *2 (7th Cir.

5

Mar. 19, 1997). However, he has not made any attempt to show that State Farm or Wyatt knew or had reason to know that notice by publication would be ineffective.

Mr. Hisel has not shown that service of process was insufficient. Thus, he has not established that the Court lacks personal jurisdiction over him and that the judgments against him are void. As a result, he has not shown grounds for relief under Rule 60(b).

In summary, Mr. Hisel has not demonstrated a meritorious defense to the Complaint, that is, a meritorious claim to the insurance proceeds from the State Farm insurance policies. But even if he had shown a meritorious claim to the proceeds, he still has not established that the default judgments should be vacated. Accordingly, the Court finds that his motions for relief from judgments should be denied.

Turning to the other motions, this Entry decides the motions for relief from judgment, so the extent the other motions seek an update on whether the Court has ruled, they are denied. Further, the Court is without authority to order the correctional facility in Pontiac, Illinois, to provide Mr. Hisel with reading glasses. And to the extent he requests the Court to appoint a lawyer for him, he has not shown that he has made a reasonable effort to obtain counsel on his own, so that request is denied. *See Pruitt v. Mote\*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

## Conclusion

For the reasons stated, Mr. Hisel's Motion for Relief from Judgment [Dkt. No. 62], his Amended Motion for Relief from Judgment [Dkt. No. 65], and all of his other pending motions [Dkt. Nos. 72, 74 and 76] are **DENIED**.

**SO ORDERED.**

Dated: 9/15/2017

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of record via CM/ECF

Joe Hisel #423089
Pontiac SMU
P.O. Box 99
Pontiac, IL 61764